FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 03, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DENISE G. o/b/o K.G., a minor child,[1] <br><br> Plaintiff, <br><br> v. <br><br> KILOLO KIJAKAZI, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 2:21-CV-00249-LRS <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are the parties' cross-motions for summary judgment. ECF Nos. 10, 16. This matter was submitted for consideration without oral argument. Plaintiff is represented by attorney Christopher H. Dellert. Defendant is represented by Special Assistant United States Attorney Benjamin J. Groebner. The Court, having reviewed the administrative record and the parties' briefing, is fully

---

[1] The court identifies a plaintiff in a social security case only by the first name and last initial in order to protect privacy. *See* LCivR 5.2(c).

ORDER - 1

informed. For the reasons discussed below, Plaintiff's Motion, ECF No. 10, is denied and Defendant's Motion, ECF No. 16, is granted.

## JURISDICTION

Denise G. (Plaintiff's grandmother), filed for supplemental security income (SSI) on behalf of Plaintiff K.G. on February 11, 2019, and alleged an onset date of April 7, 2014. Tr. 162-81. Benefits were denied initially, Tr. 92-95, and upon reconsideration, Tr. 101-04. Ms. G. appeared at a hearing before an administrative law judge (ALJ) on September 29, 2020. Tr. 34-66. On November 12, 2020, the ALJ issued an unfavorable decision, Tr. 12-2, and on June 22, 2021, the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 1383(c)(3).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner, and are therefore only summarized here.

Plaintiff was 6 years old at the time of the hearing. Tr. 38. He was in first grade but doing kindergarten-level work. Tr. 43. Due to the COVID-19 pandemic, he was attending school for one hour a day and the rest online. Tr. 43. He is diagnosed with autism spectrum disorder, ADHD, and anxiety. Tr. 47. He has meltdowns at home every day. Tr. 44. There is a difference between how he

ORDER - 2

performs at home verses at school or therapy, with more frequent tantrums and problems at home.  Tr. 44-45.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it

ORDER - 3

is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**THREE-STEP PROCESS FOR EVALUATING CHILD DISABILITY**

To qualify for Title XVI supplemental security income benefits, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide a three-step process to determine whether a claimant satisfies the above criteria. 20 C.F.R. § 416.924(a).

First, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." 20 C.F.R. § 416.924(c). Finally, if the ALJ finds a severe impairment, she must then consider whether the impairment "medically equals" or "functionally equals" a disability listed in the "Listing of Impairments." 20 C.F.R. § 416.924(c)-(d).

If the ALJ finds that the child's impairment or combination of impairments does not meet or medically equal a listing, she must determine whether the

ORDER - 4

impairment or combination of impairments functionally equals a listing. 20 C.F.R. § 416.926a(a). The ALJ's functional equivalence assessment requires evaluation of the child's functioning in six "domains." These six domains, which are designed "to capture all of what a child can or cannot do," include:

>   (1) Acquiring and using information:
>   (2) Attending and completing tasks;
>   (3) Interacting and relating with others;
>   (4) Moving about and manipulating objects;
>   (5) Caring for self; and
>   (6) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). An impairment will be deemed to functionally equal a listed impairment if the child's condition results in a "marked" limitations in two domains, or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

An impairment is a "marked limitation" if it "interferes seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme limitation" is defined as a limitation that "interferes very seriously with [a person's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i).

## ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 11, 2019, the application date. Tr. 16. At step two, the ALJ found Plaintiff has the following severe impairments: autism spectrum disorder, attention deficit hyperactivity disorder (ADHD), and anxiety. Tr. 16. At step three, the ALJ found that Plaintiff does not

ORDER - 5

have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App'x 1. Tr. 17. The ALJ then determined Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings. Tr. 17. As a result, the ALJ concluded that Plaintiff has not been disabled, as defined in the Social Security Act, since February 11, 2019, the date the application was filed. Tr. 22.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying supplemental security income under Title XVI of the Social Security Act. ECF No. 10. Plaintiff raises the following issues for review:

1. Whether the ALJ properly considered the "whole child" and the entirety of the record;

2. Whether the ALJ properly considered the medical opinion evidence;

3. Whether the ALJ properly considered the lay witness evidence; and

4. Whether the ALJ had authority to decide Plaintiff's claims.

ECF No. 10 at 2.

## DISCUSSION

**A.    "Whole Child" Analysis**

Plaintiff contends the ALJ failed to consider the entirety of the record and failed to evaluate his claim using the "whole child" approach. ECF No. 10 at 5-6. In evaluating functional equivalence, the Commissioner engages in a "whole child"

ORDER - 6

analysis. Social Security Ruling (SSR) 09–1p, 2009 WL 396031 (effective February 17, 2009). An ALJ must consider how the child functions every day and in all settings by evaluating the activities a child does throughout the day at home, at school, and in the community. *Id.* at 2. To that end, the ALJ will consider which activities a child is able or unable to perform; which activities are limited or restricted; where the child has difficulty with activities – at home, in childcare, at school, or in the community; whether the child has difficulty independently initiating, sustaining, or completing activities; the kind of help the child needs; and whether the child needs a structured or supportive setting. *Id.*

After determining how the child functions in all settings, the domains are used to determine how and to what degree the child is limited in order to determine whether the child is "disabled" as defined in the Act. *Id.* at *7. No set formula dictates the considerations in each case. *Id.*

Plaintiff contends the ALJ and the medical expert, Michael Lace, Psy.D., "focused their attention solely on Plaintiff's activity at school while discounting his activities elsewhere, as reported by his grandmother, and while rejecting the evaluation prepared by his treating therapist . . . ." ECF No. 10 at 6. Contrary to Plaintiff's argument, the ALJ and Dr. Lace considered and discussed the reasons for the consideration they gave to the statements from Plaintiff's grandmother and therapist, as well as other evidence from all areas of Plaintiff's life, including his home life, school, medical office visits, occupational therapy, speech therapy, and

ORDER - 7

mental health visits. Tr. 19-21. Although the ALJ gave more weight to some evidence than to other evidence, this does not mean the ALJ failed to consider the "whole child." As discussed throughout this decision, the ALJ adequately considered the "whole child" in evaluating Plaintiff's functioning.

**B.     Medical Opinions**

Plaintiff contends the ALJ failed to properly consider the opinions of Michael Lace, Psy.D, and Elicia Spotts, M.S., LMHC. ECF No. 10 at 9-10.

For claims filed on or after March 27, 2017, the regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5867-88 (Jan. 18, 2017); 20 C.F.R. § 416.920c. Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a) and (b). Supportability and consistency are the most important factors in evaluating the persuasiveness of medical opinions and prior administrative findings, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. § 416.920c(b)(2). The ALJ may, but is not required, to explain how other factors were considered. 20 C.F.R. § 416.920c(b)(2); *see* 20 C.F.R. § 416.920c(c)(1)-(5).

  1. Michael Lace, Psy.D

ORDER - 8

The medical expert, Dr. Lace, testified that Plaintiff has been diagnosed with autism spectrum disorder, anxiety, and ADHD. Tr. 20, 48. He noted that Plaintiff's moderately severe autism spectrum disorder "doesn't appear to be consistent over or, across situations." Tr. 48. He testified there are references to "fairly normal psychiatric presentation in most situations" and cited examples. Tr. 48-49. He assessed less than marked limitations in three domains: acquiring and using information; interacting and relating with others; and caring for himself. Tr. 52. Dr. Lace assessed no limitations in the remaining three domains. Tr. 52.

The ALJ found Dr. Lace's opinion to be persuasive. Tr. 21. The ALJ noted Dr. Lace's opinion is supported by his review of the record, his detailed explanation, and the evidence he relied upon. Tr. 21. The ALJ also found Dr. Lace's opinion is consistent with the objective findings in numerous records, Tr. 214-19, 397-400, 401-03, 411-41, 452-65, 512-21, 550-78, 579-612, 613-48, 649-61, 662-80, 771-803, 831-52, and with the assessment of the reviewing psychologists, Tr. 68-78, 80-90, and the assessment of Plaintiff's teachers, Tr. 186-97, 295-304. Tr. 21.

Plaintiff argues Dr. Lace's testimony that Plaintiff does not meet, equal, or functionally equal a listed impairment is inconsistent with the symptoms of "level two" autism spectrum disorder found in the *Diagnostic and Statistical Manual of Mental Disorders – Fifth Edition* (DSM-V). ECF No. 10 at 11-12. Plaintiff points out symptoms in the DSM-V reported by his grandmother and his counselor, Ms. Spotts, and argues Dr. Lace "did not explain why these observations did not satisfy

ORDER - 9

the criteria." ECF No. 10 at 12.  First, Dr. Lace in fact explained his reasoning and the basis for his opinion in detail.  Tr. 48-59.  Second, in a "Cautionary Statement" in the introduction to the use of the DSM-V, it is noted that a diagnosis under the DSM-V:

> does not imply that an individual with such a condition meets legal criteria for the presence of a mental disorder or a specified legal standard (e.g., for competence, criminal responsibility, or disability). For the latter, additional information is usually required beyond that contained in the DSM-5 diagnosis, which might include information about the individual's functional impairments and how these impairments affect the particular abilities in question.  It is precisely because impairments, abilities, and disabilities vary widely within each diagnostic category that *assignment of a particular diagnosis does not imply a specific level of impairment or disability*.

American Psychiatric Ass'n, *Diagnostic and Statistical Manual of Mental Disorder (DSM-V)*, 25 (5th ed. 2013) (emphasis added).  Plaintiff's argument conflates the diagnostic criteria for autism with functional limitations which is an incorrect application of the DSM-V criteria.  Thus, Plaintiff's argument is without merit.

Plaintiff also takes issue with Dr. Lace's assessment of the school records and his grandmother's report, arguing that Dr. Lace "ignored" or overlooked specific statements. ECF No. 10 at 12-13.  However, Dr. Lace heard Ms. G's testimony, reviewed the entire medical record, (except Tr. 853-57 which was admitted after the hearing, Tr. 15) and thoroughly discussed the basis for his opinion.  The ALJ explained how Dr. Lace's opinion is supported by and consistent with the record. Tr. 21.  Plaintiff essentially asks the court to reweigh the evidence, which is outside the scope of the court's review.  It is the ALJ's duty to resolve conflicts and

ORDER - 10

ambiguity in the medical and non-medical evidence. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).

   2. *Elicia Spotts, M.S., LMHC*

Ms. Spotts, a treating counselor, completed "Child Domain Statement" forms in October 2019 and September 2020. Tr. 547-49, 855-57. In both opinions, she assessed marked limitations in all six functional domains. Tr. 547-49, 855-57. The ALJ found Ms. Spotts' opinions to be unpersuasive for several reasons. Tr. 21.

First, as to supportability, the ALJ found Ms. Spotts' treatment records do not indicate the marked impairments assessed. Tr. 21. The more relevant the objective medical evidence and supporting explanations are supporting a medical opinion, the more persuasive the medical opinion will be. 20 C.F.R. § 416.920c(c)(1)-(2). The ALJ cited Dr. Lace's testimony that Ms. Spotts' opinions about limitations are not supported by her treatment notes. Tr. 21, 53-55; *see* 452-63, 662-80, 831-52. The ALJ also noted that Ms. Spotts assessment appears to be based on the reports of Ms. G. and involve matters about which Ms. Spotts would have no first-hand knowledge. Tr. 21. Further, the ALJ observed that Ms. Spotts herself noted inconsistencies between Ms. G.'s reports and the observations and reports of Plaintiff and his

ORDER - 11

teachers. Tr. 21 (citing Tr. 835, 851, 838). Substantial evidence supports the ALJ's finding regarding supportability.

Second, as to consistency, the ALJ found Ms. Spotts' opinions are inconsistent with pediatric and school records showing largely normal presentation and exam findings. Tr. 21. The more consistent a medical opinion is with other evidence from other medical and nonmedical sources in the record, the more persuasive the opinion will be. 20 C.F.R. § 416.920c(c)(1)-(2). Dr. Lace observed that Ms. Spotts' treatment notes indicate a fair amount of anxiety and a fear of going to school, Tr. 662-80, but that is not consistent with the teacher questionnaires and Plaintiff's presentation in school settings. Tr. 54; *see e.g.*, Tr. 215 ("sweet and hard-working," "open to the tasks asked of him," "put forth considerable effort"), 218 (indicates Plaintiff is beginning to delay gratification, manages classroom rules, routines, and transitions with occasional reminders, demonstrates confidence, beginning to engage with adults, demonstrates concern about the feelings of others, beginning to establish special friends), 295-304 (teacher domain questionnaire assessing only no problems or slight problems). Thus, marked limitations are not consistent with Plaintiff's presentation in other settings. Tr. 54. Dr. Lace also noted that a pediatrician would typically comment on severe mental health symptoms, but Plaintiff's pediatrician generally noted normal or relatively normal presentation. Tr. 54; *see e.g.*, Tr. 642-43 (alert, pleasant, and normal presentation, enjoys kindergarten, is academically successful with no learning concerns, IEP and does

ORDER - 12

1   well, is socially successful in school, keeps to himself, is involved in

2   school/community activities).  Substantial evidence supports the ALJ's finding

3   regarding consistency.

4         Plaintiff incorrectly applies the law for claims filed before March 27, 2017,

5   which indicated that an "other source" opinion, such as the opinion of a counselor or

6   therapist, must be considered but was given less weight than the opinion of an

7   acceptable medical source.  *See* 20 C.F.R. § 416.927.  Under the new regulations,

8   Ms. Spotts' opinion is the opinion of a medical source to be evaluated for its

9   persuasiveness, considering especially its supportability and consistency, as the ALJ

10  did here.  20 C.F.R. § 416.920c.  The legal authority relied upon by Plaintiff, *Revels*

11  *v. Berryhill*, 874 F.3d 648, 655, discusses the consideration of an "other source"

12  under the former regulations and does not apply to this case.  Additionally,

13  Plaintiff's argument is a restatement of other arguments addressed throughout this

14  decision.  Based on the foregoing, the ALJ's findings under the appropriate

15  regulations are legally sufficient and supported by substantial evidence.

16  **C.    Lay Witness**

17        Plaintiff contends the ALJ erred by improperly assessing the symptom

18  statements made by his grandmother, Ms. G.  ECF No. 15 at 6-13.  For claims filed

19  on or after March 27, 2017, 20 C.F.R. § 416.9520c governs how an ALJ must

20  evaluate evidence from medical sources and clarifies how an ALJ evaluates

21  nonmedical lay testimony.  *See* 20 C.F.R. § 416.920c(d).  The regulations instruct

ORDER - 13

ALJs to consider "all of the available evidence" in evaluating the intensity and persistence of symptoms, including evidence from "medical sources and nonmedical sources" about the effect of a claimant's symptoms. 20 C.F.R. § 416.929(c)(1); *see also* SSR 16-3p (requiring ALJs to consider other evidence such as other nonmedical sources to evaluate symptoms). However, an ALJ is not required to articulate how evidence from nonmedical sources was considered using the requirements applicable to evaluations of medical opinions. *See* 20 C.F.R. § 416.920c(d). Rather, "[i]f the ALJ wishes to discount the testimony of lay witnesses, he must give reasons that are germane to each witness." *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993).

Plaintiff's grandmother, Ms. G., alleges Plaintiff has difficulty staying focused, refuses to play in a group, is sometimes nonresponsive to questions, is unable to print letters, does not play games or interact with other children, needs constant monitoring for even simple tasks, and has difficulty dealing with change. Tr. 19 (citing 199-205, 207-13). She testified that Plaintiff has frequent meltdowns, difficulty with concentration and focus, and his schoolwork has been dropped to kindergarten level. Tr. 43-44. She explained Plaintiff functions differently at school and home because at school he "has a way of detaching" and would then "unload" when he got home. Tr. 45.

The ALJ observed that "[m]ost of the negative reports in this case come from the claimant's grandmother, Mrs. G[.]" and that her allegations regarding the severity and frequency of Plaintiff's symptoms are largely inconsistent with the

ORDER - 14

record. Tr. 20. An AJ may reject lay witness testimony that is inconsistent with the objective evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) (holding that inconsistency with the medical record is a germane reason for discrediting the testimony of a lay witness). The ALJ noted that despite Ms. G's allegations, exam findings indicate that Plaintiff is pleasant and cooperative with good attention and concentration, no negative behaviors, able to complete tasks without becoming frustrated or overwhelmed, shows no signs of distractibility, has normal interactive skills, and is able to complete tasks without reminders. Tr. 20 (citing 512-21, 550-78, 646). He also has friends, plays with others, and follows rules. Tr. 20 (citing 186-97, 295-304, 643). The ALJ noted that Ms. G. is aware the school has no concerns for Plaintiff. Tr. 21, 851. Plaintiff's treating provider also noted that concerns raised by Ms. G. were not reported by Plaintiff or observed by his teachers. Tr. 21, 835.

Plaintiff contends that the ALJ erred by failing to acknowledge that Ms. G's testimony is an important source of information about Plaintiff's impairments and "dismissing Ms. G['s] testimony based on his functioning at school" without considering the "whole child." ECF No. 10 at 8. Plaintiff's argument ignores the fact that the ALJ considered Ms. G's testimony and statements and cited medical exam findings as well as school records. Tr. 19-21. This is the essence of the "whole child" analysis: considering not just one area of life such as home life, but

ORDER - 15

the child's overall function across all of his activities.  SSR 09-1p.  Dr. Lace, who reviewed the entire record and heard Ms. G's testimony, testified that "if there is a child who had very, very severe ADHD or very, very severe autism, or a combination of both, there would be fairly consistent unusual presentation and major concerns in, in every setting at almost every point in time." Tr. 51.  The ALJ explained in detail that despite Plaintiff's diagnoses, the record shows he functions very well overall.  Tr. 19.  The ALJ's findings are supported by substantial evidence.

Plaintiff argues for another interpretation of the evidence but does not establish that the ALJ erred in fact or law in analyzing the evidence.  The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities.  *Magallanes*, 881 F.2d at 751; *see also Richardson v. Perales*, 402 U.S. 389, 400 (1971).  Here, the ALJ's interpretation of the evidence is supported by the record and there is no error.

C.  **ALJ's Authority to Decide Claim**

Plaintiff raised the issue of the ALJ's authority to decide Plaintiff's claims in summary judgment briefing.  ECF No. 10 at 13-20.  Subsequently, Plaintiff filed an Unopposed Motion to Strike Argument due to recent authority which settled the issue.  ECF No. 18; *Kauffman v. Kijakazi*, 32 F.4th 843 (9th Cir. 2022).  The motion is granted and the court will not further address the issue.

ORDER - 16

# CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.

Accordingly,

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **GRANTED**.

3. Plaintiff's Unopposed Motion to Strike Argument from briefing, **ECF No. 18**, is **GRANTED**.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order and provide copies to counsel.  Judgment shall be entered for Defendant and the file shall be **CLOSED**.

**DATED** October 3, 2022.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 17